**COGBURN LAW OFFICES**
JAMIE S. COGBURN, ESQ.
Nevada Bar #8409
Jsc@cogburnlaw.com
ANDREW L. REMPFER, ESQ.
Nevada Bar #8628
alr@cogburnlaw.com
9555 S. Eastern Ave., Suite 280
Las Vegas, Nevada 89123
Tel: (702) 384-3616
Fax: (702) 943-1936
Attorneys for Shylah Berry

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHYLAH BERRY,<br><br>         Plaintiff,<br><br>vs.<br><br>FINANCIAL RECOVERY SERVICES, INC.,<br><br>         Defendant. | Case No:<br><br>**COMPLAINT** |

Shylah Berry, by and through her counsel of record, Cogburn Law Offices, hereby complains against Defendant Financial Recovery Services, Inc., as follows:

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Plaintiff further alleges a claim for invasion of privacy ancillary to Defendant's collection efforts.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d). Venue is proper in this District Court, particularly its unofficial southern district, pursuant to 28 U.S.C. § 1391(b).

### III. PARTIES

3. Plaintiff Shylah Berry, is a natural person residing in Clark County, Nevada.

4. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5. Defendant Financial Recovery Services, Inc., is a corporation engaged in the business of collecting debts by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

6. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) trying to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

## IV. FACTUAL ALLEGATIONS

7. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

    A. Communicating with the debtor at places known to be inconvenient to my client, including his place of employment despite being repeatedly told to stop (§1692c(a)(1&3));

    B. Engaging in conduct of which the natural consequence is to harass, oppress, or abuse, including using profanity and causing my client's telephone to ring with intent to annoy, abuse, or harass (§1692d(2)(5));

    C. Communicating with persons other than the Plaintiff for purposes other than to locate Plaintiff and communicating specific information about the debt owed (§1692b(1 &3));

    D. Failing to register and obtain a license with the State of Nevada to perform collection activities as required by N.R.S. § 649.075.

8. Defendant's aforementioned violations of the FDCPA also constitute an invasion of Plaintiff's right to privacy, causing injury to Plaintiff's feelings, mental anguish and distress.

9. Defendant's aforementioned violations of the FDCPA also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a reasonable person. With respect to these activities

of Defendant, Plaintiff had a subjective expectation of privacy that was objectively reasonable under the circumstances.

### COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

10. Plaintiff reincorporates by reference all of the preceding paragraphs.

11. As a direct and proximate cause of the acts described above, Plaintiff has sustained and suffered damages.

12. The Defendant's conduct as alleged herein was willful, intentional, oppressive, fraudulent, malicious, and done in reckless disregard of the safety rights of Plaintiff, thereby warranting the imposition of punitive damages.

13. Plaintiff has been forced to retain the services of legal counsel, and Plaintiff is entitled to an award of reasonable attorneys' fees.

### COUNT II: COMMON LAW INVASION OF PRIVACY BY INTRUSION

14. Plaintiff reincorporates by reference all of the preceding paragraphs.

15. As a direct and proximate cause of the acts described above, Plaintiff has sustained and suffered damages.

16. The Defendant's conduct as alleged herein was willful, intentional, oppressive, fraudulent, malicious, and done in reckless disregard of the safety rights of Plaintiff, thereby warranting the imposition of punitive damages.

17. Plaintiff has been forced to retain the services of legal counsel, and Plaintiff is entitled to an award of reasonable attorneys' fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant, on all counts, for the following:

1. Declaratory judgment that Defendant's conduct violated the FDCPA;

2. Actual damages;

3. Statutory damages;

4. Punitive damages;

5. Costs and reasonable attorney's fees; and,

6. For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

DATED this __16__ day of June 2010.

COGBURN LAW OFFICES

By: _____
Jamie S. Cogburn, Esq.
Nevada Bar #8409
Andrew L. Rempfer, Esq.
Nevada Bar #8628
9555 S. Eastern Ave., Suite 280
Las Vegas, Nevada 89123
Attorneys for Shylah Berry